

# THE ATTORNEY GENERAL
## OF TEXAS

ЯICE DANIEL
АTTORNEY GENERAL

AUSTIN, TEXAS

May 16, 1950

Hon. H. A. Beckwith, Chairman
Board of Water Engineers
Austin, Texas

Opinion No. V-1060

Re: Procedure for designating
underground water reservoirs
Dear Sir:                     pursuant to Article 7880-3c,V.C.S.

Your request for an opinion presents seven
questions concerning the construction of Subsection C,
Article 7880-3c,V.C.S., passed by the 51st Legislature,
Acts 1949, page 599, and providing as follows:

"C. No petition for the creation of
a District to exercise the powers and
functions set forth in Subsection B of
this Section 3c shall be considered by
a Commissioners Court or the Board, as
the case may be, unless the area to be
included therein is coterminus with an
underground water reservoir or subdivi-
sion thereof which theretofore has been
defined and designated by the Board as an
underground water reservoir or subdivision
thereof.  Such district, in conforming to
a defined reservoir or subdivision, may
include all or parts of a county or coun-
ties, municipal corporations or other po-
litical subdivisions, including but not
limited to Water Control and Improvement
Districts.

"It shall be the duty of the Board
from time to time and in any event up-
on application by petition in the manner
provided in Section 10 of the Acts of
1925, Thirty-ninth Legislature, Chap-
ter 25, page 88, after notice and hear-
ing as provided for in Section 15 and
Section 21 (as amended), Acts of 1925,

> Thirty-ninth Legislature, Chapter 25,
> to designate underground water reser-
> voirs and subdivisions thereof and
> thereafter as future conditions may
> require and factual data justify to
> alter the boundaries thereof;provided,
> however, such alteration shall not in-
> validate the creation of any District
> theretofore created with the powers
> provided for in this Section 3c."

For the sake of clarity, we repeat your several questions before our answers thereto.

1. <u>Does the law provide for two separate proceedings, i.e. a "designation" proceeding followed by a "creation" proceeding?</u>

Section B of the Act provides that underground water conservation districts shall be created under the procedure used in creating water control and improvement districts. These latter districts are organized by peti- tion "signed by a majority in number of the holders of title to lands therein, and the owners of a majority in value of the lands therein, as shown by the county tax rolls, provided, if the number of such landowners therein is more than fifty, such petition shall be sufficient if same is signed by fifty landowners. . . . ." Article 7880-10. Section C of the Act states that no petition for the crea- tion of an underground water conservation district shall be considered by a Commissioners' Court or the Board un- less the area to be included therein is coterminus with an underground water reservoir "which theretofore has been defined and designated by the Board." This language ex- pressly indicates that a reservoir designation is to be made in advance of the petition to create the district. It is also evident that since the petition to create a dis- trict must be signed by the owners of land overlying the reservoir and because the petition must describe an area which is coterminus with the underground reservoir, a de- signation must be made in advance to determine the necessa- ry parties to the petition as well as the area to be cov- ered thereby. It seems clear that the Act intended sepa- rate proceedings.

2. <u>Can the Board of Water Engineers initiate a designation proceeding on its own motion, and without an application therefor?</u>

3. If the Board may initiate a designation proceeding, is it necessary to issue notices and hold a hearing as provided for in Articles 7880-15 and 7880-21 before the designation can be made?

4. When application is made for the designation of an underground reservoir, is it necessary to issue notices and hold a hearing as provided for in Articles 7880-15 and 7880-21?

The only language in the Act which contemplates any sort of proceeding for the purpose of designating underground reservoirs is the second paragraph of Section C, which provides as follows:

"It shall be the duty of the Board from time to time and in any event upon application by petition in the manner provided in Section 10 of the Acts of 1925, Thirty-ninth Legislature, Chapter 25, page 88, after notice and hearing as provided for in Section 15 and Section 21 (as amended) Acts of 1925, Thirty-ninth Legislature, Chapter 25, to designate underground water reservoirs and subdivisions thereof and thereafter as future conditions may require and factual data justify to alter the boundaries thereof; provided, however, such alteration shall not invalidate the creation of any District theretofore created with the powers provided for in this Section 3c." (Emphasis ours)

The question which arises in attempting to construe this paragraph is whether the language "after notice and hearing" relates only to the petition which may be filed for designation and pursuant to which the Board must "in any event" designate an underground reservoir, or whether such language also relates to the general duty of the Board to "from time to time" designate reservoirs.

**482**

Obviously some form of notice and hearing is anticipated, whether in relation to the application by petition, or in connection with the Board's duty to "from time to time" designate. It would seem that the purpose of the notice is in order to apprise those within the reservoir area that an underground water conservation district is contemplated. And the hearing would appear to be for the purpose of permitting those within the area to submit whatever engineering or other data they wish to submit for the purpose of having their lands included or excluded from the area finally to be submitted to the procedure under which a district may be ultimately created. Notice and hearing, therefore, appear to be of importance only as they are a step or condition precedent to the subsequent creation of a district. If this is the proper construction of the purpose of the notice and hearing, then it is unreasonable to suppose that the Legislature intended to apprise only the residents of an area covered by a formal designation petition. This purpose applies as well to any designation which may have for its ultimate and immediate object the creation of a district.

If we are wrong in our construction of the purpose of the notice and hearing requirement, nevertheless, whatever purpose is behind the requirement would apply to all designations made pursuant to the statute whether predicated upon petition or not. Designation is the object of the statute, and if there is any reason for a hearing upon the application to designate, this same reason would apply to designations made by the Board on its own motion.

Pursuant to Acts 1929, 41st Leg., 2d C.S., p.63, Article 7537a, V.C.S., we understand that the Board continuously accumulates data on underground reservoirs, and that it has in its office maps showing the location of the best known, if not all, of the underground reservoirs of Texas. The data accumulated by the Board has been transferred to maps showing underground reservoirs in relation to the overlying surface. These maps are revised from time to time as additional information from drilling and other sources becomes available. In a

Hon. H. A. Beckwith - Page 5 (V-1060)

limited sense, this might be considered a reservoir designation, but we do not think it is the type of designation anticipated by the act in question. The act would seem to anticipate some more formal designation such as the carrying forward of your research into a formal order made by the Board expressly pursuant to said act.

With this in mind, we believe that the Legislature, in requiring the Board "from time to time" to designate underground reservoirs, must have intended that the formal designation anticipated by the Act apply only where the Board is acting pursuant to the Act and not when the Board is simply conducting research. This latter, we conclude, is not in fact a "designation" as that word is used in the statutes.

Returning now specifically to the three questions copies above, the plain language of the Act itself required that we answer Question #2 in the affirmative.

We answer Question #3 in the negative, but distinguish between the research activity which you carry forward under Article 7537a and a designation which is made pursuant to the act in question. Notice and hearing are required only in the latter instance.

We answer your Question #4 in the affirmative.

5. What is your opinion as to the necessity for notices and hearing as to a later alteration of the boundaries of underground water reservoirs and subdivisions thereof?

For reasons already stated, we are of the opinion that notice and hearing are not required for the purpose of altering the boundaries of underground reservoirs where no district has been created. Where, on the other hand, a district has been created, it is our opinion that the Act requires notice and hearing as a condition precedent to any alteration of reservoir or reservoir subdivision boundaries.

6. Since the Act adopts the water control and improvement district creation procedure, shall the

Board collect the fees provided for therein when de-
signating and creating the underground districts?
Please examine Article 7532, VACS, and set forth
the exact fees to be collected on a "designation"
and the exact fees to be collected on the process-
ing of a "creation" procedure; also, please state
what fees can be charged on an "alteration" pro-
cedure and on the application for the approval of
a bond issue.

Section B provides that the administrative
and procedural provisions which relate to the forma-
tion of water control and improvement districts shall
apply, where applicable, to the creation of under-
ground water conservation districts. Article 7880-21
provides that a petition filed with the Board of Water
Engineers for the purpose of organizing water control
and improvement district "must be accompanied by a
money deposit of Two Hundred and Fifty ($250.00)
Dollars to pay all costs which may be incurred in
such proceeding. . . ." Since all of the provisions
dealing with water control and improvement districts
apply generally to petitions to create underground
water conservation districts, we are of the opinion
that such petitions must be accompanied by the
$250.00 deposit prescribed by Article 7880-21.

Section C, on the other hand, provides for
"notice and hearing as provided" by Articles 7880-15
and 7880-21. Article 7880-15 describes the manner
in which the notice of hearing on petition to create
water control and improvement districts is to be given
and applies only to a district created by Commissioners'
Courts within a single county. Article 7880-21 confers
jurisdiction upon the Board to hear and determine all
petitions to create water control and improvement dis-
tricts which include land located in two or more coun-
ties. It provides that notices shall be posted in all
affected counties, rather than the single posting
prescribed by 7880-15 and for publication in a news-
paper of general circulation in the affected area
rather than in a newspaper published in a single
county as is prescribed by 7880-15. And finally,
Article 7880-21 provides that the Board shall hear,

consider and determine the petition "upon the issues, and in the manner, form and time" provided in Article 7880-19. This last mentioned Article states that the petition shall be granted if it appears that the organization of the district is feasible and practicable, will be a benefit to the land included therein and be a public benefit or utility.

Inasmuch as the Board is required by Article 7880-3c to designate underground water reservoirs whether the same be located in a single county or within two or more counties, that part of 7880-21 which confers jurisdiction on the Board to hear only petitions which involve land located in more than one county was obviously not meant to apply in designating underground reservoirs. The same is true of the last part of 7880-21, wherein cross reference is made to 7880-19. The matters which must be considered before the petition can be granted are obviously matters which the Board is to consider on the petition to create an underground water conservation district and are not matters to be passed on in connection with the hearing to designate an underground reservoir. The only purpose the Legislature could have had in providing for "notice and hearing as provided" in Articles 7880-15 and 7880-21, must have been with respect to the notice provisions of the two articles. Certainly, the hearing provisions of Articles 7880-21 have no application. It follows, therefore, that the requirement for the $250 deposit has no application to a petition to designate an underground reservoir. This conclusion is further borne out by the fact that the deposit obviously could not be collected where hearing is held by the Board without any formal application by petition.

The general fee statute under which the Board operates is Article 7532. It is our opinion that this statute is applicable generally to whatever the Board undertakes under 7880-3c. For example, a fee is authorized for the recording and certifying of certain instruments, papers, maps etc. These fees should be collected. Certain filing fees are prescribed by 7532. For the most part, these do not appear to be applicable. However, a fee of $25.00 is prescribed for the

**486**

filing of each petition for the formation of a
district. This fee should be collected for filing
petitions to create underground water conservation
districts. Since petitions to designate under-
ground reservoirs are not petitions for the forma-
tion of districts, the fee is not due as to these.
We call attention to the fact that a general filing
fee of $1.00 is required for each paper or instru-
ment, exhibit or map, affidavit or anything else
authorized and provided by law to be filed or which
is filed. This fee should be collected whether the
filing be made pursuant to designation, alteration
or creation. Article 7532 provides for certain use
fees. None of these have any application to 7880-3c.
The usual fee of $25.00, as prescribed by 7532, should
accompany the filing of any application which is re-
quired to be filed for the approval of bond issues.

7. In the first paragraph of Subsection C,
it is required that the area designated be "coterminus
with an underground water reservoir or subdivision
thereof." Is it permissible to follow survey lines in
designating an area thereunder or is a survey necessary
in order to designate an underground reservoir?

In order to reply to this question, it is
necessary to determine the meaning of the word "coter-
minus." Webster shows this word to be spelled cotermi-
nous, and gives only its biological definition, as "of
groups of organisms, coextensive." Webster refers for
further definition to the word conterminous, which he
defines as having a common boundary; having the same
bounds or limits; coextensive in space, time, or range;
having the same ending. From this, we take it that the
underground reservoir is intended to have, as clearly as
engineering skill can produce the result, the same boun-
daries on the surface as are occupied by the reservoir
below surface. It is unlikely that this result could be
reached by following survey lines. Where it can be
reached, it is permissible, but not otherwise. Whether
an actual survey on the ground is required, we leave for
your determination. But if your present maps show un-
derground reservoirs in relation to surface grants, it
would seem that a satisfactory perimeter description

of the reservoir could be worked out from the maps you now have available.

## S U M M A R Y

Section C, Article 7880-3c, provides separate procedures for designating underground water reservoirs and creating underground water conservation districts and requires notice and hearing as a condition precedent to those designations and alterations of reservoir boundaries anticipated by the Act. The fees to be collected by the Board of Water Engineers under the Act are described and the term coterminus, as used in Section C, is defined.

Yours very truly

PRICE DANIEL
Attorney General

By H. D. Pruett, Jr.
Assistant

APPROVED:

Joe R. Greenhill
First Assistant